# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LES J. RUSTON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) 11-3195-CV-S-RED-H |
| JUAN D. CASTILLO, | ) |
| Warden, United States Medical Center | ) |
| For Federal Prisoners, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a pretrial detainee formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about conditions of his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that staff members at the Medical Center paid another inmate to assault him; that he has been has been falsely accused of fighting with another inmate and placed in administrative detention; that the Medical Center staff violated his rights by filing a fraudulent response to an administrative remedy he submitted; and that he has been denied access to the courts.

After a Show Cause Order was entered, the United States filed its response. Petitioner filed a *pro se* affidavit, in which he appears to continue to assert that his access to the courts has been

impeded. Thereafter, counsel for petitioner filed a motion to withdraw. The undersigned entered an order granting petitioner until September 19, 2011, to file a *pro se* traverse, which petitioner did not do.

A review of the record indicates that petitioner was housed at the Medical Center pursuant to a competency study under § 4241(d)(2) by the District Court for the Northern District of Texas, and that he was transferred back to the charging district on July 5, 2011. BOP records show that he was placed in administrative detention on March 15, 2011, pending an investigation of fighting with another inmate.

In this case, petitioner was placed in administrative detention pending an investigation into a possible violation of BOP rules. The law is clear that segregation of inmates from the general population for non-punitive reasons, and holding them in segregated status for an indefinite period of time may be necessary and is within the discretion of the prison officials. Kelly v. Brewer, 525 F.2d 394, 400 (8th Cir. 1975); Jones v. Mabry, 723 F.3d 590, 594 (8th Cir. 1983). Because petitioner was placed in administrative detention for other than punitive reasons, due process protections were not invoked. See Brown-El v. Delo, 969 F.2d 644, 647-48 (8th Cir. 1992). Therefore, his claims that he was falsely accused of fighting with an inmate who assaulted him and unjustly placed in administrative detention fail to state a valid claim for relief. Additionally, his claim that he received a fraudulent response to his administrative remedy fails to set forth any specific details regarding the fraudulent response that would establish a constitutional violation. Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985).

Although petitioner also contends that he has been denied access to the courts, his statement is conclusory and belied by the fact that he has been able to proceed with this petition and others

with full access to the courts. To prevail on a denial of access to the courts claim, the inmate must demonstrate that a non-frivolous legal claim has been frustrated or is being impeded. Lewis v. Casey, 518 U.S. 343, 353 (1996). When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). In this case, petitioner has failed to make specific allegations, nor has he identified an actual injury resulting from BOP conduct. Therefore, he has failed to demonstrate a constitutional violation on this issue.

Because petitioner has failed to state a constitutional violation, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 10/17/11

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.